## Liability of Physician Under Good Samaritan Act

CREAMER, Attorney General, February 2, 1972.— Under date of December 26, 1971, you asked this office to render an opinion as to whether the Good Samaritan Act of 1963, P. L. 582, as amended, 12 PS §1641, and/or the Commonwealth's liability insurance protects a physician in a suit for liability when they have been called to the scene of an emergency, rather than "happening" onto the scene of an accident. You have also asked whether such physicians are protected by the Commonwealth's public liability insurance coverage.

The Good Samaritan Act, supra, provides for an exemption from civil liability when a physician in good faith renders emergency care at the scene of the emergency in any of the following four situations:

1. When he happens by chance upon the scene of an emergency.

2. When he arrives on the scene of an emergency by reason of serving on an emergency call panel or similar committee of a county medical society.

3. When he is called to the scene of an emergency

by the police or other duly constituted officers of the State or political subdivision.

4. When he is present when an emergency occurs.

You are advised that it is our opinion that a physician is exempt from civil liability under the Good Samaritan Act, when called under items 2 or 3, supra, to render emergency care at the scene of the emergency. It is also our opinion that a physician is exempt from civil liability under items 1 and 4, supra.

In view of the fact that our opinion on the immunity from liability of physicians under the Good Samaritan Act can, in no way, bind the courts to rule that physicians are immune from suit in an actual suit, it becomes necessary to examine whether in fact the physicians you refer to are covered by the Commonwealth's insurance policy.

Section 709(i) of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §249, provides:

"(i) From time to time to determine within what limits the Department of Property and Supplies shall procure liability insurance covering claims for damages against the Commonwealth, and State officers and employes, arising out of the operation of State automobiles or the performance of any other assigned duties and responsibilities by such officers and employes;"

The Executive Board has authority under §709(i) to determine within what limits the insurance policy should cover claims.

One policy of insurance covers State employes, except those specifically excluded therefrom. Endorsement No. 1 to the policy provides that coverage applies to each employe only while acting within the scope of his duties as an employe.

It is our opinion that persons who perform services for the Commonwealth as volunteers without formal

engagement by a representative of the Commonwealth acting in an authorized capacity, are not the subject of liability coverage by the Commonwealth under present law.

Persons who are engaged by a representative of the Commonwealth acting in an authorized capacity at a consideration, and subject to Commonwealth direction and control, may be the subject of liability coverage by the Commonwealth's insurance carrier to the extent determined by the executive board.

However, section 214 of .The Administrative Code of April 9, 1929, P. L. 177, 71 PS §74, provides, in essence, that the head of a department shall appoint and fix the compensation of employes. Furthermore, section 709(i), supra, refers only to officers and employes.

Manifestly, the word "employe" in the connection used, means "one who works for wages or salary in the service of an employer"—Webster's New International Dictionary. The relation of employer and employe is essentially contractual in its nature, and is to be determined by the rules governing the establishment of contracts, "express or implied."

A physician cannot be considered to be a special or temporary State employe.

You are advised that there is no coverage in the Commonwealth insurance policy to cover liability on the part of the physician.